Our next case on the docket is Harris v. City of Madison Board of Fire and Police Commissioners et al. This is 526.0216. I've got Mr. How do you pronounce your name, sir? Boyles. Boyles? Thank you. And then Ms. Brungrager. Brungrager. I say that. I butchered about five of them in one day last time we were here. And so I'm a little gun shy. I apologize. Are we ready to proceed? Yes, sir. Then go right ahead. Good morning. What brings the parties here today before the court is that the trial court below found that the board lost jurisdiction by failing to hold a hearing within the 30 days required by the statute, but that the board got jurisdiction back when the chief refiled the same charges in the same administrative matter. As a practical matter, the trial court found that jurisdiction is never truly lost and there is no consequence for failing to comply with the 30-day hearing rule under the statute. That interpretation of the statute hollows out the 30-day rule and an interpretation that renders statutory text hollow or nullifies statutory text is generally incorrect. The trial court below was convinced that the Cesario case, however that's pronounced, from the first district, created an exception that hollows out the 30-day rule under the Board of Fire and Police Commissioners Act. Had the trial court instead followed the decision of the district in which it sits, which is the law, then it should have followed Sherman rather than the first district Cesario case. While this case is about whether the statutory 30-day rule can be continuously circumvented by just refiling the same charges over and over again, which is the practical effect of the trial court's decision, it is also about whether this district Sherman decision should have been followed instead of the first district's Cesario decision. Sherman involved two officers accused of misconduct on four sets of charges. There was no dismissal of any of those four sets of charges by the board in that case or in this one. In Sherman, this court treated all four sets of charges as being one and the same and found that the charges, that the set of charges that was filed earliest and not the latest control. Because the newer charges did not replace the older charges in that case, the court found that the board had lost jurisdiction and did not recover jurisdiction. The trial court below did not follow that case and also did not explain why it did not follow it in its March 9th order, which is in the record as C-196 of 98, the order under appeal. Instead of following Sherman, the trial court below followed Cesario. By the same token, the chief's only argument on appeal is that that Cesario case blessed circumventing the 30-day hearing requirement by refiling the same charges after jurisdiction has been lost. Before that Cesario case arrived in court, the parties involved in that case had agreed that the first set of charges filed against the officers should be dismissed without prejudice. Here, in this case, the first set of charges was not dismissed and there was no agreement between the parties to dismiss them with or without prejudice. Therefore, the fact pattern of Cesario is less like the facts of this case or than the facts of Sherman. Confronted with that procedural posture where all the parties had agreed to dismiss without prejudice, the first district had to determine how to handle the second set of charges. It looked to the Code of Civil Procedure for guidance, but it did not hold that the Code of Civil Procedure applies to administrative matters generally or to board and fire police commissioner's cases specifically. It appears to be universally accepted that the Code of Civil Procedure does not apply to administrative matters. Therefore, it is a mistake to read that first district case as creating new precedent for situations that do not involve the specific fact pattern that was involved in that case. Is there any legislative history as to the purpose for the 30-day rule? I don't know if there's any legislative history attached to it or not. I know on past research, the county code provision predates it. The county code provision goes back to the 1870s. They're similar. There's the board of fire and police commissioners version of it. There's the Chicago version of the board of fire and police commissioners, and then there's a special... I can't remember what it's called, but Alton and Decatur both... I can't remember what it's called either. I have never really looked at that 30-day hearing requirement because I know the origins go back to the 1870s. All right, so under your interpretation of the statute, if they miss the 30-day clock, and I'm not talking specifically about this case, but hypothetically, if an officer is accused of engaging in serious misconduct that potentially warrants termination, if they miss the 30 days, there's no recourse. Is that correct? Correct. For that set of charges. Right. Now, if there's something that they didn't charge or, you know, it would operate that in a criminal case. So if there's something that wasn't charged, that could come back and be charged later. If the officer had done something else in the meantime, that's certainly fair game. But the jurisdiction, when I'm arguing that the jurisdiction is lost over the subject matter of those charges, other charges would be fair game. And I think that's how the courts have interpreted it, including the Sherman case, the Riggins case, there's a case out of Mayans. I can't remember if that's Bridges, but there's several cases that hold that once the 30 days has expired, at least as far as I can tell, that's what they mean. Because there's no additional history that goes back and says, well, the town refiled charges except in this one case out of the First District. Even if the First District intended to create that rule, that you could circumvent the 30-day hearing requirement by just refiling the same charges in the same case, the trial court below was required by law to follow the Sherman decision, which found that the 30 days runs in the earliest filed charges rather than the most recent filed charges. If the decision of the trial court below stands, the language in the statute requiring a hearing within 30 days is a nullity, because the same charges can simply be refiled on day 31. And again, even if the hearing is blown a second time, they can refile it again on day 31. Didn't the lieutenant have some sort of obligation or duty to file a motion to dismiss after the 30 days had run? No. The court said no. I'm pretty sure the court said no, or at least they implied that. By not doing that, then the original charge is still sitting there. It still exists. Yes, it does. By jurisdiction, then, they're arguably still exist. My argument is precisely that the charges still exist. And Sherman says you go by the earliest filed charges, not the latest filed charges. So yes, they still exist. Those were filed May of 2025, 30 days as well since passed by July 3rd, I think is when we had the hearing, but the day before July 4th. I guess what I'm asking is, by failing to take some affirmative action to ask the board, 30 days is up. Dismiss it. Right. Does your client waive that 30-day requirement? No. If the board's lost jurisdiction, it's lost jurisdiction. So there's that issue. On top of that, there are several cases, including, it's not Lopez versus Village of Bartonville. There are two cases that came out of that fact pattern, but there's a case under Bartonville, third district case, which talks about being involved, doing things. There are cases that say if you file continuances after the discovery, you're tumbling the 30 days. You're causing delay that the board or the other side can rely upon to say, well, the 30 days ran, but it was the officer's fault. The officer's attorney's fault. So be extra careful. I didn't do anything. Waited until the 30 days had expired. We had the hearing. I think at the hearing, I said, there's a hearing on procedural matters. I think we stipulated that we weren't going to bring that out. Actually, the hearing officer, who's a different attorney than now represents the board, pointed at himself, hearing officer, and said, we're only going to talk about one thing today. So the hearing officer limited the scope of what was going on. I tried to file an entry appearance that day and was told, no. That would have been after the 30 days, but if they've lost jurisdiction, they've lost jurisdiction. So counsel, based on your interpretation of this statute, it would be irrelevant whether the officer suffered any type of prejudice prior to the delay. Is that correct? I'm just trying to interpret it like other courts have interpreted it, and I don't think that prejudice has ever been an issue. If I ask the question, was your client prejudiced in any way by the delay, would your answer be it's irrelevant? Who said no, who's not prejudiced. Should we even consider that? I don't believe so. Thank you. I didn't want to leave any questions. I was going to duck the question. The answer is no. Okay. There's a difference between 30 days and infinity. The legislature said 30 days. If that is interpreted as a constantly renewing or rolling 30 days, then the legislative text has been replaced with something else that the legislation never did. So we thank the trial court below for sending it correctly. Thank you. Any further questions? No further questions. Thank you. Obviously, you don't have your time for rebuttal. Thank you. Good morning, and may it please the court. My name is Ellen Brentrigger, and I'm here on behalf of Apley Chief Brick. So I want to begin by saying I'm honored to be in this historic court. This is my first ever appellate oral argument, so I'm very thrilled to be here on behalf of Chief Brick. Well, welcome. So I want to begin by discussing the procedural timeline of this case. I understand that the court is familiar with it, but I think this is one of those interesting circumstances where the procedural background of this case actually really is the issue of the case. So on May 27th or May 29th, there's an issue with some postage dating here. Chief Brick filed charges of termination against Officer Harris. These charges were related to some allegations of falsified overtime records by Officer Harris. So on July 3rd of 2025, there was a hearing held on those charges. The attorney for the board continued the hearing on the board's own motion. Then Officer Harris filed a declaratory judgment action seeking the trial court to declare that that hearing on July 3rd was procedurally improper. On October 9th, 2025, Judge Foster entered an order declaring that that hearing was untimely and therefore that the board had lost jurisdiction over the May charges. Then on November 6th, 2025, Chief Brick filed new charges against Officer Harris. These are what I have referred to in our brief as the November charges, as distinguished from the May charges. And on November 7th, the board accepted service of the November charges and indicated its intention to set those November charges for hearing within 30 days of the date that the board accepted service. Were they new charges or the exact same charges? All right. The answer to that question, Your Honor, is that they are new charges. While they concerned the same offenses, they are new charges. And I think that the Cesario court really answered that question when it addressed that issue. Well, are they new just so you can get past the 30-day rule or are they new in that they make separate different allegations? So, Your Honor, they make the same allegations and yet they are still new. In Cesario, if we speak a little bit more in depth about the procedural posture of that case, because I think it's actually quite interesting, the town had filed charges of termination against an officer. Then by consent, the town and the officer agreed to continue those proceedings because they were engaging in global settlement negotiations. So there was sort of this undefined continuation of when they were going to have a hearing on the merits. Then the settlement negotiations fell through and the town filed what it called a motion to reinstate the charges. Now, the appellate court reviewing that said really what that was, was a motion to refile the charges. It was not a motion to reinstate. But I think in doing that, it recognizes those were the same charges. And in fact, in Cesario, they did actually less than what we did here. They did not even take the step of affirmatively refiling the charges. They simply asked the court to consider the previously filed charges as filed anew. And the court in Cesario affirmed that those charges are considered new charges of termination with independent jurisdictional requirements. And I think the same goes here. When Chief Wittig refiled charges in November, albeit they're dealing with the same misconduct, they are nevertheless under Cesario new charges with independent jurisdictional requirements. And we likened the facts in this case to, the court in Cesario made a similar analogy comparing it to a dismissal without prejudice. So when you dismiss a case without prejudice, you are free to refile it even if it is regarding the same allegations and offenses. Now, I understand that Attorney Boyles has said that the Illinois rules of civil procedure do not apply to administrative hearing proceedings. And I agree with him. I do not think they do. I am using the analogy of dismissal without prejudice as the court did in Cesario, just that, an analogy. I am not arguing that they apply. I am using it as a comparison because I think it's an instructive comparison. Just like with the dismissal without prejudice, Cesario holds you are free to refile charges and it does not revest the board with jurisdiction. It does not create an exception to the 30-day rule. It does not restart the clock. It simply creates a new clock that operates independently from the originally filed charges. So, after the board filed the November charges, Officer Harris filed this motion for preliminary injunction, seeking to prevent the board from hearing them. And on March 9th, Judge Foster denied, I think correctly, Officer Harris's motion for preliminary injunction because he recognized, as the court did in Cesario, that those charges had independent jurisdictional requirements. And I will tell you, at the hearing on the motion for preliminary injunction, Judge Foster actually asked me, you know, if I deny this motion for preliminary injunction, will I be somehow contradicting my October 9th order when I stated that the hearing in July was untimely? And I answered him the same way I will answer you today, no, because any procedural defects with the July hearing are irrelevant to the proceedings on the November charges. Because I know I'm going to keep saying this, you're going to keep hearing it from me today, but they have independent jurisdictional requirements. So, any shortcoming with the July hearing has no bearing on what we can do here in November. So, are you aware of any legislative history as to the purpose of the requirement that the hearing be commenced within 30 days of filing? Because the statute then apparently allows for additional time once the hearing has been commenced. It may be continued from time to time. So, what exactly is the legislative purpose behind the 30-day rule? I believe the legislative intent behind that was to have charges be resolved quickly without them hanging over an officer's head for an extended period of time. And I understand that intent. And I don't disagree with the purpose or with the idea behind that. And I think it is inaccurate to state that we are creating an exception to that 30-day requirement. I don't think that the court in Cesario created an exception or somehow abrogated the legislative intent behind that rule. I don't think the court in Cesario did that. And I don't think Judge Foster did that in his order in March. The 30-day rule will still apply. They will just apply to the new charges. Because, as I stated earlier, the proceedings from May and July are irrelevant here. And I also think, Judge, you asked a very good question to Attorney Boyles regarding the prejudice here. I think it's important that we are mindful that this is not where these charges of termination rise and fall. There will still be a hearing on the merits of these charges. Just simply because we allow them to go to a hearing on the merits does not mean that the issue is resolved he will still have his full due process rights where he will be able to provide a defense to these charges. So I think, Your Honor, you were correct to be focused in on the prejudice aspect of this. Now, I still believe that under the law, regardless of whether or not there is prejudice, it is clear under Cesario that independent jurisdictional requirements. So there's a new 30-day clock. And so long as the new charges are heard by the Board with a full hearing on the merits within 30 days, I think the 30-day rule has not been circumvented. It has not been aggregated. There has been no exception to it. That rule is still in effect. And I think, actually, to the extent there has been argument made here today that Cesario somehow was undermining the importance of that rule, I would point you back to the language of the decision. Because in Cesario, the Board, after the charges were refiled, the Board then failed to hold a hearing within 30 days of the date that the charges were refiled. And the defendant board, or I'm sorry, the defendant, the town who had filed the charges, said, well, he waived the 30-day requirement on the first charges, so we consider it waived, you know, from here on for all time. And the court said, no, these charges have independent requirements. And that we are upholding the importance of the 30-day rule by stating that what happens in previous proceedings have no bearing on the refiled charges. And I think that's actually undermining that Cesario did not create an exception. In fact, it upheld the rule. I guess what I'm struggling with is that if we adopt the argument by counsel for the appellant, and we create this bright line rule, and if it's a situation where the officer is charged with egregious conduct that warrants termination, and this 30-day clock has run, then there's absolutely no recourse against the officer. Is that, that would be accurate based on counsel's interpretation of the statute? I agree. And I think that that cannot stand as the result. I think that there is a some sort of procedural issue. I think it is improper to say that because the 30-day clock was run on the first set of charges, that now and forever, for all time, this officer can never be subjected to discipline for improper conduct. I don't think that's what the legislature intended. And I don't think that kind of procedural pitfall would uphold the importance of these due process rights, both for the officers and for the city. So, I think really the question that this court has been tasked with answering regards to this appeal is whether the charges of termination filed against a police officer pursuant to 65 ILCS 5-10-2.1-17, a mouthful, have independent jurisdictional requirements from any previous charges filed but never adjudicated against the same officer. And as I've said previously, I think that question has been squarely answered in the affirmative by Cesario. And I think to the, to Attorney Boyle's point that the court should have followed Sherman, I would point out a couple of things. First, Cesario actually followed Sherman. Sherman was decided in 1982 and Cesario was decided in 2006. So I think the idea that Sherman somehow supplanted Cesario is incorrect, just based on the timing of when those decisions were decided. And then also responding to Attorney Boyle's point that the trial court,  did not consider Sherman in his ruling, we had extensively briefed both cases. I think he was certainly aware. We had talked about it. We had gone through painstaking efforts to distinguish these two cases. And I think in following Cesario rather than Sherman, Judge Foster recognized, as I think we should hear today, that this case is, the facts in this case are like Cesario and unlike Sherman's. So to the extent he did not reference Sherman in his order, denying Harris's motion for preliminary injunction, it's because that case is not on point. And just as a final point, I think the idea that Sherman and Cesario are somehow contradictory of each other and that one cannot stand with the other, that they stand for opposite rules, I think that that's untrue. The Sherman case dealt with amended charges. So in that case, as Attorney Boyle sort of laid out, there were citizens. They filed charges of termination against some officers. The board pointed out procedural defects with those charges. And then the citizens submitted amended charging documents. Then the board was going to set those charges for hearing within 30 days of the dates the charges were amended, not the date that they were, the original documents were filed. And the court said that that was untimely. And I think the distinction there is those were dealing with amended charges. Instead of amending the charges, here the chief filed new charges, like what happened in Cesario. And even though they dealt with the same issues and the same offenses, they are nevertheless, just like in Cesario, new charges. So I think the cases are distinguishable, amended charges versus new charges. And I think you can actually read them together and harmonize them to create a rule that amending a charge of termination does not reset the jurisdictional clock created by 65 ILCS 5-10-2.1-17. But on the other hand, refiling a charge begins a new action with independent jurisdictional requirements. And I think the court would harmonize those two decisions and follow that rule as Judge Foster did at the trial level and hold that these November charges are not, they have independent requirements. And therefore, the 30-day clock has started to, is running anew. It's a new clock. Okay. Is there any negative implications based on just the charges being on file to the officer? In other words, does that result in some form of loss in pay, suspension, any other negative consequences to the officer just that the charges are pending? While the charges are pending, the officer is on paid administrative leave. Okay. So it does have consequences. It has consequences. And that is,  in line with your argument that 30-day rule has a purpose so that these charges don't remain hanging over the officer's head, keeping the officer on paid administrative leave beyond 30 days. Correct. Yes. Okay. I understand. Thank you. So in conclusion, if there are no further questions for me, I, Chief Critic, respectfully request that this Court affirm Judge Foster's order denying plaintiff's motion for preliminary injunction and allow the Board to hold a hearing on the November charges of termination. Thank you. Thank you, counsel. Any final questions? No further questions. Thank you. By the way, counsel, I appreciate your comments about being in this historical courthouse. I take every time I can for new attorneys that are not practiced here to talk about the historical context of this room and realize that you were standing where Abraham Lincoln did stand when he argued his last case with the Supreme Court. That fact is not lost on me. Trust me. I'm a history buff and I'm the attorney head here who I think should be employed by one of my former colleagues. Good morning. Well, we thank you so much. And obviously, I'll let counsel with a rebuttal. But when you are finished, there are some historical things around the courthouse and downstairs. Please take the time since you're here and take a look around. Thank you. First of all, the Sherman case had nothing to do with defendant charges. This is what the court stated in Sherman. It's towards the end of the decision. And he points out to, I believe, the chief. Complaint 5 argues that the circuit court erred by finding that the document he originally submitted to the board on November 10, 1981 and subsequently filed on November 24, 1981 contained the same charges. In other words, the chief's saying that's a mistake. These were different charges. The court should not have treated these as the same charges. He points out that the document he filed on November 24 contained the additional allegation that officer Sherman prolonged the processing of charges against him. Complaint 5 suggests that this court should allow the board to conduct a hearing on this additional allegation. In other words, the chief argued, I've amended the charges. These amended charges should be treated differently than the other five charges in the case. Plaintiff's surgeon would agree that Complaint 3 has weighed consideration of the issue as to whether Fry is entitled to a hearing on the additional allegation submitted to the board on November 24. So, the chief tried to argue that he had amended the charges. This court rejected the argument. The trial court and Sherman treated the four sets of charges as one and the same and so did this district. Also, your honor, I want to address some of the questions that you've asked. I understand trying to look at this through the eyes of a judge. The jurisdiction of administrative agencies is never presumed. If the agency doesn't follow the statute to the T, it does not acquire jurisdiction. If a violation of the statute violates the statute, it loses jurisdiction. So, this is a question of whether or not the administrative agency has doubted all its eyes and crossed all its T's so that it has jurisdiction. It's a jurisdictional question, not so much balancing the equities between the chief and the police officer. The question really ultimately is can the same charges be refiled and the statute's silent in that regard. So, we are called upon to make that interpretation to hold whether in line with your argument or the FOE's argument in that regard. The statute says that the hearing on the charges must be held within 30 days. So, I don't know that it is silent on the issue, but of course, that's a question for debate. Jurisdiction, I would assume, would mean subject matter jurisdiction. That would, I think, mean over the substance of the charges. So, by all means, as the chief apparently understood it to mean in 1981, wait a second, I've got this additional allegation. What about those? So, you know, chiefs of police have understood that for 40 years, 45 years. So, finally, the name I forgot earlier is the Civil Service Commission. It's Sheriff's American Commission, Forty-five police commissioners for Chicago, Forty-five police commissioners for downstate, and also Civil Service Commission. So, that may be another source that you can check with respect to legislative history. Thank you. We will take the matter under advisement and issue an order in due course.